IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.)    PLAINTIFF

V.                                CIVIL ACTION NO.: 1-21-cv-00151-LG-RHWR

ERIC CLAYTON JENKINS,
AMY ELIZABETH JENKINS HALL,
AND ASHLEY ELIZABETH JENKINS              DEFENDANTS

### AGREED FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE

This cause came on for hearing on John Hancock Life Insurance Company, (U.S.A.)'s ("John Hancock") Motion to Dismiss with prejudice and to discharge any claims against John Hancock, and the Court, being fully advised on the premises, finds as follows:

1.  This is an action involving adverse claims for death benefits under Flexible Premium Adjustable Life Insurance Policy No. 59130997 ("the Policy") issued by the Manufacturers Life Insurance Company (USA)[1] to Tommie Jenkins, in the face amount of $625,782. All Defendants have been properly joined and served in this action.

2.  On June 24, 2003, Tommie Jenkins named all four of her children, David Craig Jenkins, Eric Clayton Jenkins, Jason Chad Jenkins, and Amy Elizabeth Jenkins, as equal beneficiaries per stirpes.

3.  On October 27, 2001, she reaffirmed the designation.

4.  On November 7, 2018, Tommie Jenkins changed the beneficiaries to David Craig Jenkins, Eric Clayton Jenkins, and Amy Elizabeth Jenkins. However, said designation does not state "per stirpes."

5.  On November 16, 2020, David Craig Jenkins passed away.

---

[1] All of the rights, duties and obligations under the Policy now belong to John Hancock.

6. On or about December 9, 2020, Tommie Jenkins passed away.

7. On January 4, 2021, John Hancock received a Life Insurance Claim Statement completed by Eric Jenkins dated December 30, 2020, through which he requested a lump sum payment of benefits under the Policy.

8. On February 1, 2021 John Hancock received a Life Insurance Claim Statement completed by Amy Elizabeth Jenkins Hall dated February 1, 2021, through which she requested a lump sum payment of benefits under the Policy.

9. On February 4, 2021, John Hancock received correspondence from Ashley Elizabeth Jenkins. As alleged in the correspondence, Ashley Elizabeth Jenkins is the only child of the late David Craig Jenkins, a named beneficiary to Tommie Jenkins's life insurance policy. She contends she is entitled to his share of the death benefit.

10. On February 2, 2021, her attorney made the same claim and demanded John Hancock interplead the proceeds.

11. John Hancock is justifiably uncertain as to whether any payment of Policy benefits would subject it to multiple and vexatious litigation. John Hancock is unable to ascertain, without hazard to itself, who is entitled to benefits under the Policy and cannot pay benefits without assuming the responsibility of determining doubtful questions of law and fact.

12. John Hancock claims no beneficial interest in the Policy benefits, but is a mere stakeholder. John Hancock does not in any respect collude with any of the Defendants touching the matters in this action.

13. John Hancock is and has at all times been willing, ready, and able to pay the person or persons legally entitled to receive the policy benefits and will deposit with the Clerk of the Court the Policy benefits as soon as the Court approves of said deposit.

14. John Hancock has been called upon to retain counsel for the purpose of protecting its interest in prosecuting this action. John Hancock requests the award of $3,004.00 from the death benefits to pay for reasonable attorney's fees, costs and $694.00 for expenses, which John Hancock is compelled to expend in the prosecution of this Complaint for Interpleader and that John Hancock be allowed to withhold $3,698.00 before depositing the death benefits plus interest into the registry of this Court.

15. All Defendants have been properly served and joined in this action and all Defendants agree to this judgment.

Accordingly, pursuant to the foregoing findings and the agreement of the parties, this Court ORDERS AND ADJUDGES as follows:

A. Defendants be required to interplead and assert their respective claims to the subject funds paid into the registry of the Court and settle among themselves their rights or claims thereto.

B. That the Policy benefits, which will be deposited with the Clerk of the Court, be accepted into the registry of the Court to be held in an interest bearing account for future disbursement to the Defendants in the amounts adjudged by this Court.

C. That upon disbursement, John Hancock be notified of the persons and amounts of disbursements so John Hancock can fulfill its tax reporting obligations.

D. That the interpled amount is the extent of John Hancock's liability to anyone with respect to the benefits of the Policy.

E. That pursuant to Rule 22 of the Federal Rules of Civil Procedure, Defendants, their agents, attorneys, successors, personal representatives, heirs, devisees, legatee, and assigns are forever enjoined and restrain from asserting, instituting or prosecuting any and all demands,

claims, actions or causes of actions against John Hancock, its agents, officers, trustees, employees, representatives, attorneys, successors, and assigns with regard to, pertaining to or in manner relating to or arising out of the subject life insurance policy and the funds related herein.

  F. That John Hancock is awarded out of the subject death benefits $3,004.00 to pay for reasonable attorneys' fees, costs and $694.00 for expenses which John Hancock was compelled to expend in the prosecution of this Complaint for Interpleader.

  G. That the death benefits of $625,782.00 plus interest minus $3,004.00 for attorney's fees and $694.00 for expenses shall be paid by John Hancock into the registry of this Court within thirty (30) days from entry of this order.

  H. That upon the aforementioned deposit, John Hancock be finally dismissed from this action, with prejudice, and fully discharged from any further liability which in any manner may arise under the policy and the funds held in this account and that this Court shall adjudicate to whom the Clerk of this Court shall disburse the subject funds deposited into the registry of this Court.

SO ORDERED AND ADJUDGED, this the 6TH day of December, 2021.

_____
UNITED STATES DISTRICT JUDGE

**AGREED AND APPROVED:**

_s/ Kelly D. Simpkins_
Kelly D. Simpkins (MSB #9028)
WELLS MARBLE & HURST, PLLC
300 Concourse Boulevard, Suite 200

Ridgeland, Mississippi 39157
Post Office Box 131
Jackson, Mississippi 39205-0131

**Attorney for John Hancock Life Insurance Company**

*s/ John B. Howell III*
John B. Howell III (MSB #102655)
M. William Morgan (MSB #104543)
JACKSON, TULLOS, ROGERS & MORGAN, PLLC
309 S. 40th Avenue
Hattiesburg, Mississippi 39402

**Attorneys for Eric Clayton Jenkins**

*s/*
Calvin Taylor MS #9529
J. Tyler Cox (MSB #105807)
TAYLOR LAW FIRM
Post Office Box 0006
Pascagoula, Mississippi 39568-0006

**Attorney for Amy Elizabeth Jenkins Hall**

*s/ G. Charles Bordis, IV*
G. Charles Bordis, IV (MSB #3695)
BORDIS & DANOS, PLLC
1215 Government Street
Ocean Springs, Mississippi 39564

**Attorney for Ashley Elizabeth Jenkins**

/280797